IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOAN E. FARR,<br><br>      **Plaintiff,**<br><br>v.<br><br>CHRISTINE CURRY, et al.,<br><br>      **Defendants.** | Case No. 22-2120-DDC-KGG |

### MEMORANDUM AND ORDER

Plaintiff Joan E. Farr has filed an "Application for Default Judgment Against Defendant Christine Curry" under "Fed. R. Civ. P. 55 (a) & (b)(1)[.]"[1] Doc. 14. The court won't grant plaintiff's Application because plaintiff has failed to satisfy the two-step process embraced by Rule 55. *First*, Rule 55(a) allows the Clerk to enter default against a party who "has failed to plead or otherwise defend" a lawsuit. Fed. R. Civ. P. 55(a). *Second*, after the Clerk enters default, a plaintiff may request the Clerk enter default judgment in an amount that is "a sum certain or a sum that can be made certain by computation[.]" Fed. R. Civ. P. 55(b)(1).

Here, plaintiff isn't entitled to a default judgment because she has skipped to the second step without first satisfying the first. *See Tomelleri v. Cafepress, Inc.*, No. 14-2239-JAR, 2014 WL 11485579, at *1 (D. Kan. Oct. 28, 2014) ("A plaintiff may not seek default judgment before it has applied for entry of default." (quotation cleaned up)). But, even if the court construes plaintiff's Application as one merely seeking entry of default under Rule 55(a), she hasn't yet

---

[1] Plaintiff seeks a default judgment against defendant Christine Curry "in the amount of $27,450,896.85 in damages against her." Doc. 14 at 3.

satisfied the requirements of that subsection either.  That's because the court's docket shows defendant Christine Curry has pleaded or otherwise defended this lawsuit.  The docket reflects that plaintiff served Ms. Curry with Summons on April 1, 2022.  Doc. 3.  Fed. R. Civ. P. 12(a)(1)(A)(i) gave Ms. Curry 21 days to answer or respond otherwise to the lawsuit—meaning by April 22, 2022.  The court's CM/ECF docket shows that counsel for Ms. Curry entered a limited appearance on Ms. Curry's behalf on April 21, 2022.  Doc. 9; *see also* Doc. 12-5 at 1 (Notice of Electronic Filing showing that Doc. 9 was filed on April 21, 2022 at 2:11 PM).  And, again according to the docket, counsel secured a Clerk's Order under D. Kan. Rule 77.2(a)(2), extending the time for Ms. Curry to answer to May 6, 2022.  Doc. 10.  On these facts, Ms. Curry timely filed an Answer.  *See* Doc. 20.  She also has filed a Response to plaintiff's Application.  Doc. 21.

But plaintiff "objects" to the limited entry of appearance by Ms. Curry's counsel.  Doc. 14 at 1.  She asserts that counsel actually entered his appearance on April 26 which was "too late" and so counsel "had the federal court in Kansas City change the date to April 21, 2022 so that it would appear to be timely filed."  Doc. 14 at 2.  In a separate filing, plaintiff cites the docket's April 21, 2022 "Notice of Docket Text Modification" noting that counsel's Entry of Appearance (Doc. 9) "is a limited entry of appearance."  Notice of Docket Text Modification by Deputy Clerk, *Farr v. Curry*, No. 22-2120 (D. Kan. Apr. 21, 2022).  Plaintiff then asserts— without supplying proof or any reasoning—that "any reasonable person would believe that the filing date [of counsel's entry] was also changed from April 26 to April 21 so that it appeared to be timely filed[.]"  Doc. 12 at 2 ("Plaintiff's Objection to Entry of Appearance/Limited Entry of Appearance").  She then alleges that Ms. Curry's counsel "was allowed to file an entry as her attorney on April 26, 2022 and the Court altered the date to read April 21, 2022 so that her

2

response would be timely filed" and that "[m]isrepresentation/fraud has occurred in this matter[.]" *Id.* at 2–3.

The court won't deny plaintiff's Application at this time. But the court will set a hearing on plaintiff's Application. Plaintiff has made a serious accusation about the court. The court orders plaintiff to appear personally at the hearing and to present her evidence and reasoning explaining the basis (if any) for her accusation that someone has manipulated the filing date of defendant's entry of appearance.

**IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff appear personally at the Robert J. Dole Federal Courthouse, 500 State Avenue, Courtroom 476, Kansas, City, KS on Thursday, May 26, 2022 at 11:00 a.m.** At that hearing, plaintiff must present her evidence and reasoning explaining the basis for her accusation that someone has manipulated the filing date of defendant's entry of appearance.

**IT IS SO ORDERED.**

**Dated this 10th day of May, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**