IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOAN E. FARR,

        **Plaintiff,**

v.

        Case No. 22-2120-DDC-KGG

CHRISTINE CURRY, et al.,

        **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Joan E. Farr, appearing pro se,[1] filed this lawsuit against defendant Christine

Curry and others.  Doc. 1.  After plaintiff served Ms. Curry with the Complaint, Ms. Curry's

counsel entered a limited appearance.  Doc. 9. At the same time, Ms. Curry's counsel secured a

Clerk's Order extending her time to answer or otherwise plead.  Doc. 10.  Plaintiff filed an

"Objection" to counsel's limited entry of appearance.  Doc. 12.  In it, plaintiff highlighted that

the Clerk's office modified the docket text to clarify that Ms. Curry's counsel had entered a

*limited* appearance in this case.  *See* Doc. 12-6 at 1; *see also* Notice of Docket Text Modification

re Doc. 9 (entered April 21, 2022 at 4:59 PM).  From this fact, plaintiff surmised and boldly

contended that someone in the Clerk's office also manipulated the filing date for the limited

entry of appearance.  This unidentified someone altered the date, plaintiff contends, "so that it

appeared . . . timely filed[.]" Doc. 12 at 2.  So, plaintiff argues, she's entitled to a default

judgment against Ms. Curry.  *See* Docs. 14 & 29.

---

[1]      Because plaintiff appears pro se, the court construes her filings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court can't serve as a pro se plaintiff's advocate. *See id.*

Given plaintiff's serious accusation against the Clerk's office, the court held an in-person hearing for plaintiff to present information and reasoning to support her allegations. *See* Doc. 22 (Memorandum & Order, dated May 10, 2022, discussing plaintiff's allegations) & Doc. 32 (Minute Entry of In-Court Hearing held on June 30, 2022). After hearing from plaintiff, the court concludes her allegations surrounding defense counsel's limited entry of appearance are much ado about nothing. Plaintiff has adduced no evidence that anyone altered or manipulated any documents or filing dates in this case. And, most importantly, plaintiff conceded at the hearing that Ms. Curry's counsel properly secured an extension of time to answer, and that Ms. Curry, in fact, has filed a timely Answer. In short, the court won't find Ms. Curry in default because she hasn't defaulted on her responsibility to respond to plaintiff's Complaint. And, to say the very least, plaintiff isn't entitled to the default judgment sought by her pending motion (Doc. 29).

So, this Order denies the trio of plaintiff's filings spawned from her unsupported allegations: an Application for Default Judgment against defendant Curry (Doc. 14); a Motion for Default Judgment against defendant Curry (Doc. 29); and an Objection to Designation of Place of Trial/Request for Change of Venue (Doc. 25). The court explains its reasons for these decisions, below.

## I.      Application for Default Judgment (Doc. 14) & Motion for Default Judgment (Doc. 29)

Federal Rule of Civil Procedure 55 embraces a two-step process for default judgments. *First*, Rule 55(a) allows the Clerk to enter default against a party who "has failed to plead or otherwise defend" a lawsuit. Fed. R. Civ. P. 55(a). *Second*, after the Clerk enters default, a plaintiff may request the Clerk enter default judgment in an amount that is "a sum certain or a sum that can be made certain by computation[.]" Fed. R. Civ. P. 55(b)(1).

Here, plaintiff isn't entitled to a default judgment for the simple reason that Ms. Curry isn't in default.  The docket reflects that plaintiff served Ms. Curry with Summons and the Complaint on April 1, 2022.  Doc. 3.  Fed. R. Civ. P. 12(a)(1)(A)(i) gave Ms. Curry 21 days to answer or respond otherwise to the lawsuit—by April 22, 2022.  The court's CM/ECF docket shows that counsel for Ms. Curry entered a limited appearance on Ms. Curry's behalf on April 21, 2022.  Doc. 9; *see also* Doc. 12-5 at 1 (Notice of Electronic Filing showing that Doc. 9 was filed on April 21, 2022 at 2:11 PM).  And, again according to the docket, counsel secured a Clerk's Order under D. Kan. Rule 77.2(a)(2), extending the time for Ms. Curry to answer to May 6, 2022.  Doc. 10.  Ms. Curry then filed her timely Answer on May 6, 2022.  Doc. 20.  She also has responded to plaintiff's default judgment filings.  Docs. 21 & 30.  In sum, Ms. Curry hasn't "failed to plead or otherwise defend" in this lawsuit.  Fed. R. Civ. P. 55(a).  Ms. Curry isn't in default and so, plaintiff isn't entitled to a Clerk's entry of default.  This necessarily means that plaintiff isn't entitled to a default judgment either.

Plaintiff's various unsupported allegations of fraud don't change this conclusion.  For one, those allegations are irrelevant.  At the hearing, plaintiff conceded that Ms. Curry timely filed her Answer.  Also, plaintiff adduced no evidence—zero—to support any of her allegations that someone has manipulated the case's docket.  Her fallback argument—that she believes she has experienced unfair treatment by state and federal courts in previous cases—just doesn't matter.  The court must handle *this* case.  And, as the court directed plaintiff at the hearing, she should do the same.  The court thus denies plaintiff's Application for Default Judgment (Doc. 14), and her plaintiff's Motion for Default Judgment (Doc. 29).

**II.     Objection to Designation of Place of Trial/Request for Change of Venue (Doc. 25)**

Somewhat related, plaintiff also has filed an "Objection" to defendants designating

Wichita, Kansas, as their preferred trial location.  Doc. 25.  She reiterates that she designated

Kansas City, Kansas, as the place of trial for this case.  *Id.* at 1.  But then, ironically, plaintiff

(who filed this case in Kansas) asks the court to transfer this case under 28 U.S.C. § 1404(a) to

the United States District Court for the Western District of Missouri.  *See id.*

Section 1404(a) grants "broad discretion in deciding a motion to transfer based on a case

by-case review of convenience and fairness."  *ABF Freight Sys., Inc. v. McMillian*, No. 17-2324-

JWL, 2018 WL 4154014, at \*1 (D. Kan. Aug. 30, 2018) (quotation cleaned up).  The court

considers the following factors when deciding where to designate the place of trial:  "(1)

plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the accessibility of

witnesses and other sources of proof, (4) the possibility of obtaining a fair trial, and (5) any other

practical consideration that makes a trial easy, expeditious, and economical."  *McDermed v.*

*Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at \*1 (D. Kan. Dec. 2, 2014)

(citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

Plaintiff focuses only on her ability to receive a fair trial in Kansas federal court (again,

the forum she chose).  Plaintiff contends that "unethical actions of the entire court system in

Kansas up through the Tenth Circuit have continued toward [her] for over 20 years[.]"  Doc. 25

at 1.  So, she concludes, the court system in Missouri and the Eighth Circuit—what she calls

"neutral ground"—might provide her a fair trial that she feels she hasn't received elsewhere.  *Id.*

The court won't transfer this case.  Plaintiff filed her Complaint here in Kansas federal

court.  She chose this forum.  And her reasons for transferring venue to the Western District of

Missouri don't carry the burden assigned by the governing legal standard.  The court again

reminds plaintiff that she must focus her efforts on litigating *this case*. The court isn't interested

in hearing more about plaintiff's experiences in past cases because those outcomes don't

influence whether her claims in this case have or don't have merit. Going forward, the court

won't devote any attention to plaintiff's grievances about earlier court decisions. And it won't

abide any unsupported accusations springing from those experiences.

## III.    Conclusion

In the end, everyone here agrees: Ms. Curry filed a timely Answer in this case. Thus,

Ms. Curry isn't in default, and plaintiff isn't entitled to a default judgment. And, because

plaintiff filed this case here in Kansas federal court and hasn't provided any persuasive reason to

transfer venue to the U.S. District Court for the Western District of Missouri, the court won't

transfer this case. With all this fuss behind them, the parties can proceed to litigate this case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Application for

Default Judgment against defendant Curry (Doc. 14) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Default Judgment against

defendant Curry (Doc. 29) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Objection to Designation of Place of

Trial/Request for Change of Venue (Doc. 25) is denied.

**IT IS SO ORDERED.**

**Dated this 6th day of July, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

5