# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOAN E. FARR, individually, and in the Interests of innocent American citizens,

   Plaintiff,

v.  Case No.: 22-2120-DDC-KGG

CHRISTINE CURRY, *et al.*,

   Defendants.

## MEMORANDUM & ORDER GRANTING MOTION TO STAY

Now before the Court is the "Motion to Stay Discovery" filed by Defendants. (Doc. 41.) Defendants argue that the case should be stayed because there is a pending dispositive motion which, if granted, would dispose of the entire case. (*Id.*, at 2.) Defendants also argue that none of Plaintiff's claims can be factually supported. (*Id.*, at 1.) Defendants' Motion to Stay (Doc. 41) is **GRANTED** for the reasons set forth below.

## FACTUAL BACKGROUND

Plaintiff has brought claims for violation of her constitutional rights as well as related state law torts. (*See generally* Doc. 1.) She alleges that Defendants, as state actors, violated her First Amendment right to free speech, Fourth Amendment

1

right to privacy, and Fourteenth Amendment due process and equal protection rights. (*Id*., at 17-19.) She also alleges violations of FISA and the Patriot Act, civil conspiracy and collusion, fraud, malicious prosecution, and intentional infliction of emotional distress. (*Id*., 19-26.) Plaintiff alleges that Defendants have denied

> her due process and her right to privacy by illegally surveilling her under the FBI National Security Watchlist, FISA and the Patriot Act, targeting her family member with Directed Energy Weapons (DEW) to give them Covid and participation in a covert operation to destroy plaintiffs relationship with her high school boyfriend/soul mate and later convert his assets to the defendants using nanobots/CIA brainwashing techniques which are crimes against humanity under the War Crimes Act, engaging in communications with defendants and state/government actors to sabotage her campaign to prevent her from holding office, blocking emails and donations to her campaign, filing liens against her homes in Kansas and Oklahoma to deprive her of her property, engaging in malicious prosecution by bringing false stalking and contempt charges to try and have her incarcerated and/or committed, and sending sheriffs to her home to harass her without good cause.
>   The defendants were acting in privity and their ultimate goal was to deny plaintiff her inalienable right to 'life, liberty and the pursuit of happiness' and to deprive her of holding office under 42 USC 1985 (1)&(3).

(*Id*., at 15-16.) Plaintiff basically contends that Defendant Curry ruined Plaintiff's relationship with a former school classmate who she refers to has her "soulmate." (*Id*., at 4-7.) Plaintiff alleges Curry was a CIA operative when these events occurred.

According to Defendants

> [b]ecause of the CIA connection, Plaintiff alleges that various parts of the U.S. Government conspired to interfere with the relationship and caused her emotional injury. The other co-defendants, Hesse and Kansas Legal Services, Plaintiff claims, conspired with Curry to interfere with the relationship by state-court proceedings in which Curry obtained an order prohibiting any contact by Plaintiff with her.

(Doc. 42, at 2.)

Defendants filed Motions to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1), (6) on July 8, 2022. (Docs. 36, 39.) The Motion to Stay was jointly filed by all Defendants that same day. (Doc. 41.) Therein, Defendants argue that none of Plaintiff's claims can be factually supported. (Doc. 42, at 1.) Defendants also contend that "[i]f this Court grants Defendants' motions [to dismiss], then it will dispose of the entire case against Defendants Curry, Hesse, and Kansas Legal Services." (*Id.*, at 2.)

In response to the stay request, Plaintiff argues that Defendants are merely "trying to buy time, since she has already produced enough facts and supporting evidence … to convince any reasonable person of her claims against them." (Doc. 45, at 2.) She continues that a stay would violate her rights because "[s]he has a right to have this case timely adjudicated so that she can be free from the continued and ongoing targeting by the defendants." (*Id.*)

## **ANALYSIS**

3

"The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court." ***Toney v. Harrod***, No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *1 (D. Kan. Nov. 7, 2018) (citing ***Pet Milk Co. v. Ritter***, 323 F.2d 586, 588 (10th Cir. 1963); ***McCoy v. U.S.***, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)).  That stated, Tenth Circuit has concluded that "the right to proceed in court should not be denied except under the most extreme circumstances." ***Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.***, 713 F.2d 1477, 1484 (10th Cir. 1983).  Thus, the District of Kansas generally does not favor staying discovery pending a ruling on a dispositive motion.  ***McCoy***, 2007 WL 2071770, at *2;  see also ***Wolf v. United States***, 157 F.R.D. 494, 495 (D. Kan. 1994).

There are, however, recognized exceptions to this policy.  A stay is appropriate if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." ***Arnold v. City of Olathe, Kan.***, No. 18-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019).  See also ***Toney***, 2018 WL 5830398, at *1; ***Citizens for Objective Public Educ. Inc. v. Kansas State Bd. of Educ.***, No. 13-4119–KHV, 2013 WL 6728323, *1 (D. Kan. Dec.19, 2013);

4

***Kutilek v. Gannon***, 132 F.R.D. 296, 297–98 (D. Kan. 1990).  If one of these circumstances is present, a stay may be appropriate.  ***Wolf***, 157 F.R.D. at 495.  *See also* ***Watson v. Unified Sch. Dist. No. 500***, No. 19-1044-EFM-JPO, 2019 WL 2174132, at *1 (D. Kan. May 20, 2019).

Defendants argue that "the facts sought by Plaintiff through discovery will not affect the resolution of its pending dispositive motion" because resolution of the motions are based on Plaintiff's factual contentions in the Complaint, not discovery.  (Doc. 42, at 3.)  Defendants continue that "discovery on all issues posed by Plaintiff's complaint would be wasteful and burdensome in light of the probability of defendants' success on the dispositive motions" as well as how broad discovery will be given the number of claims brought by Plaintiff.  (*Id*., at 3-4.)  Plaintiff does not address this issue in her response.  (*See generally* Doc. 45.)  As such, the Court concludes that additional discovery will not impact the pending dispositive motion.

Finally, Defendants raise the issue of Plaintiff's Motion to Amend the Complaint, which seeks to add numerous Defendants to this litigation, including the United States government, the Departments of Defense and Justice, U.S. Senator James Inhofe, the FBI, the CIA.  (Doc. 34; *see generally* Doc. 34-3.)  According to Defendants,

> [g]iven the substantial resemblance of both parties and claims in this case to those named and identified,

5

> respectively, in case no. 21-2183, previously filed and
> dismissed on the merits in this Court, it seems quite
> likely many of the newly joined defendants will file
> dispositive motions instead of answers. If this prediction
> proves out, efficient use of resources alone dictates that
> the defendants' motions all receive immediate attention
> while holding discovery in abeyance.

(Doc. 42, at 4.) Plaintiff again fails to address Defendants' argument in her response brief. (*See generally* Doc. 45.)

The undersigned Magistrate Judge does not and need "not state an opinion as to the validity of defendant's motion to dismiss … ." **Watson**, 2019 WL 2174132, at *2. Rather, the Court must merely be "satisfied that the case would likely be concluded should [Defendants] prevail on [their] dispositive motion." *Id*.

Plaintiff has not disputed Defendants' assertion that this case would be wholly resolved via the dispositive motions. (*See generally* Doc. 45.) Because it is uncontested that the case could be resolved through the dispositive motions – for which no evidence beyond the pleadings will be considered – the Court finds that discovery at this stage would be burdensome and wasteful. Additionally, the novel nature of the legal claims and theories asserted in Plaintiff's Complaint require early evaluation by the District Court before this matter proceeds to discovery. A stay pending the District Court's ruling on the dispositive motions is thus warranted in this specific instance.

Defendants' Motion to Stay (Doc. 41) is, therefore, **GRANTED** until thirty (30) days after the District Court rules on Defendants' pending Motions to Dismiss. In reaching this determination, the Court makes no inference or findings as to the potential validity of the arguments raised in Defendants' dispositive motion.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay (Doc. 41) is **GRANTED**.

IT IS SO ORDERED.

Dated this 20th day of July , 2022, at Wichita, Kansas.

s/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE