IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOAN E. FARR,

        Plaintiff,

v.

CHRISTINE CURRY, et al.,

        Defendants.

Case No. 22-2120-DDC-KGG

**MEMORANDUM AND ORDER**

    Plaintiff Joan E. Farr, appearing pro se, filed this lawsuit against defendants Christine Curry, Kansas Legal Services (KLS), Rebecca Hesse, and "other known/unknown state and government actors." Doc. 1. The three named defendants filed Motions to Dismiss (Docs. 36, 39). Plaintiff responded (Docs. 43, 44). Also before the court is plaintiff's "Motion to Amend Complaint to Join Parties" (Doc. 34) with an attached Proposed Amended Complaint (Doc. 34-4). Plaintiff's Proposed Amended Complaint seeks to add a long list of government officials and agencies as defendants to the action: the United States, the Department of Defense (DOD), the Department of Justice (DOJ), Senator James Inhofe, his Chief of Staff Luke Holland, the Federal Bureau of Investigation (FBI), the Central Intelligence Agency (CIA), the Internal Revenue Service (IRS), Assistant United States Attorney Christopher Allman, the District Court of Sedgwick County, Kansas, and others. Doc. 34-4 at 1–6.

    The court first addresses the parties' briefing directed at Ms. Farr's original Complaint. And, for the reasons explained below, grants defendants Christine Curry, KLS, and Rebecca Hesse's Motions to Dismiss. Then, the court turns to the Proposed Amended Complaint. And,

for the reasons explained below, it denies plaintiff's motion seeking leave to file an Amended Complaint.

I. **Background**

Ms. Farr, founder of the Association for Honest Attorneys (A.H.A.!)—a non-profit aimed to improve the legal system by suing lawyers and government officials—is no stranger to litigation. Doc. 1 at 4 (Compl. ¶¶ 16–17). In fact, she has filed at least five cases in this court— all of which the court has dismissed. *Farr v. U.S. Gov't*, No. 21-2183-JWB, 2022 WL 124032, at *1 (D. Kan. Jan. 13, 2022) (collecting cases).[1]

A. **Summary of Ms. Farr's cases in the District of Kansas and the Tenth Circuit**

In 2009, Ms. Farr sued President George W. Bush, the Department of Homeland Security, and others for a number of state law tort and constitutional claims. *Heffington v. Bush*, No. 08-4097-JAR, 2009 WL 151560 (D. Kan. Jan. 22, 2009), *aff'd* 337 F. App'x 741 (10th Cir. 2009). In that case, Ms. Farr alleged that government officials, including President Bush "wanted [her] to die in order to stop her fight for justice" so they "utilized hospital personnel to keep [her] under surveillance, to remove her body parts unnecessarily and possibly cause her accidental death." *Id.* at *2 (citation and internal quotation marks omitted). She alleged that this government conspiracy contributed to the wrongful death of her husband, Mark Heffington, who died "from a sudden heart attack." *Id.* She alleged that she faced continued persecution from

---

[1] *See Heffington v. Bush*, No. 08-4097-JAR, 2009 WL 151560 (D. Kan. Jan. 22, 2009); *Heffington v. Dep't of Def. of U.S.*, No. 06-4081-RDR, 2007 WL 677629, at *3 (D. Kan. Feb. 28, 2007), *aff'd*, 248 F. App'x 952 (10th Cir. 2007); *Heffington v. Dist. Ct. of Sedgwick Cnty.*, No. 05-4028-SAC, 2005 WL 1421530, at *4 (D. Kan. June 17, 2005); *Heffington v. Derby United Sch. Dist. 260*, No. 11-2276-CM, 2011 WL 5149257, at *2 (D. Kan. Oct. 28, 2011). "Plaintiff was married to Mark Heffington, who is now deceased, and has appeared in this court as both Joan Heffington and Joan Farr." *Farr*, 2022 WL 124032, at *1 n.2 (citing Objections to Proposed Class Action Settlement, *SPEEA v. Boeing Co.*, Nos. 05-1251-MLB-KMH, 07-1943-MLD-KMH (D. Kan. July 21, 2015), ECF No. 646 (further citations omitted)).

these local, state, and national government actors, "except for Senator Barack Obama." *Id.* Judge Robinson, characterizing "many of plaintiffs assertions [as] frivolous and rationally beyond belief[,]" dismissed all of Ms. Farr's claims with prejudice. *Id.* at *1 n.3, *4.

Several years later, in *Farr v. Commissioner of Internal Revenue*, 738 F. App'x 969, 970 (10th Cir. 2018), the Tenth Circuit affirmed the IRS's notice of tax deficiency issued against Ms. Farr. The IRS issued Ms. Farr a tax deficiency for "engaging in excess benefit transactions" after Ms. Farr paid her personal expenses from her tax-exempt AHA! account. *Id.* at 969. The Circuit affirmed the Commissioner's determination that Ms. Farr had used "AHA's checking account to make personal purchases from various grocery, retail, automotive, and home-improvement stores, as well as to make tuition payments for her son and to cover the costs of exhuming her father's remains for DNA analysis." *Id.* at 969. Ms. Farr accused the Tax Court and IRS Commissioner of collusion, but she didn't convince the Circuit with "her bald assertions of fraud/conspiracy[.]" *Id.* at 970.

Most recently, Ms. Farr sued the United States, the DOD, the DOJ, Senator Inhofe, the FBI, the CIA, the IRS, and Christine Curry. *Farr v. U.S. Gov't*, No. 21-2183-JWB, 2022 WL 124032, at *1 (D. Kan. Jan. 13, 2022). Her complaint alleged seven causes of action—violations of the First, Fourth, and Fourteenth Amendments, violations of the Foreign Intelligence Surveillance Act (FISA) and the Patriot Act, civil conspiracy, fraud, and intentional infliction of emotional distress. *Id.* Judge Broomes's opinion efficiently summarizes Ms. Farr's factual allegations:

> Plaintiff alleges that the government agencies and Senator Inhofe have conspired against her and have been conducting surveillance on her. Plaintiff alleges that she ran as an independent candidate for the office of United States Senate in Oklahoma in 2020. Her campaign began in March 2020. Her opponent was incumbent Republican Senator James Inhofe. According to Plaintiff, in April 2020, a family member "was targeted by the government in Kansas and given Covid using

3

> Directed Energy Weapons." Plaintiff claims that Senator Inhofe was involved to "target her and her loved ones just for running against him." Plaintiff allegedly emailed Senator Inhofe to tell him to stop targeting her and her family. Plaintiff claims that Senator Inhofe did not stop but instead retaliated against her by breaking up her relationship with her "soul mate." According to Plaintiff, Senator Inhofe and the government knew "from monitoring Plaintiff's phone texts that she was deeply in love with her old boyfriend" and that they could break up this relationship by placing a younger, attractive woman in his path. This woman was Defendant Christine Curry who is employed as a licensed practical nurse at a hospital in Wichita. Plaintiff claims that Curry is a "poser" who is working undercover for the government and will eventually "convert" Plaintiff's boyfriend's assets using the legal system.

*Id.* (citations omitted).

Judge Broomes dismissed Ms. Farr's entire Complaint. *Id.* at *4. His Order held that the court lacked subject matter jurisdiction over Ms. Farr's constitutional claims against the United States, its agencies, and Senator Inhofe. *Id.* at *2. It held that her intentional torts claims against the federal government didn't name proper defendants, and for the claims against defendant United States, she had failed to exhaust her claim under the Federal Torts Claims Act (FTCA). *Id.* at *3. It dismissed her Patriot Act claim because there is no private right of action under the Patriot Act. *Id.* It dismissed her FISA claim because she failed to exhaust it under FTCA and because she "wholly failed to put forth sufficient credible allegations, as opposed to broad conclusory statements, to state a claim under FISA." *Id.* (citing *Frank v. Bush*, No. 09-4146-RDR, 2010 WL 1408405, at *7 (D. Kan. Apr. 2, 2010), *aff'd*, 391 F. App'x 745 (10th Cir. 2010)).

With respect to defendant Christine Curry, Judge Broomes found that Ms. Curry isn't employed by the CIA. *Id.* at *4. Thus, plaintiff's constitutional claims failed because Ms. Curry isn't a state actor. *Id.* With respect to the tort claims, the court found plaintiff's allegations—that Ms. Curry "conspired with government officials to steal [p]laintiff's boyfriend and . . . take

4

his assets"—failed to state a claim. *Id.* Judge Broomes characterized these allegations as "implausible" and "frivolous." *Id.*

Judge Broomes issued his opinion dismissing plaintiff's claims on January 13, 2022. *Id.* She then filed this nearly identical lawsuit on about two months later in March 2022. Doc. 1.

B. **Summary of plaintiff's Complaint**

In her Complaint in the current case, plaintiff brings eight claims: 1) Violations of her First Amendment Right to Freedom of Speech, 2) Violations of her Fourth Amendment Right to Privacy, 3) Violations of her Fourteenth Amendment Right to Due Process and Equal Protection, 4) Violations of FISA and the Patriot Act, 5) Civil Conspiracy and/or Collusion, 6) Fraud by Commission/Intentional Fraud, 7) Malicious Prosecution, and 8) Outrageous Government Conduct Causing Intentional Infliction of Emotional Distress/Tort of Outrage. Doc. 1 at 17–26 (Compl. ¶¶ 126–181).

Plaintiff sues defendant Christine Curry, Kansas Legal Services, and Attorney Rebecca Hesse for these alleged violations of her Constitutional rights and for allegedly committing torts against her. Doc. 1 at 1–2 (Compl. ¶¶ 2–5). Her Complaint echoes the same purported pattern of facts and conspiracy that this court has heard before, but this time with a new twist. Ms. Farr alleges that Ms. Curry attempted to procure a restraining order against plaintiff, giving rise to plaintiff's claim of "maliciously filed false contempt [c]harges" against Ms. Curry and her attorneys. *Id.* at 12 (Compl. ¶¶ 104–05).

Again, Ms. Farr's story begins when she decided to run for the Senate in Oklahoma against Senator Inhofe in March 2020. *Id.* at 4–5 (Compl. ¶¶ 26, 28, 36). Then, plaintiff alleges, on April 16, 2020 "a close family member was targeted by the government defendants and given Covid using Directed Energy Weapons" and, at that point, plaintiff "realized that Senator Inhofe

5

was involved in conspiracy and collusion with the defendants to target her and her loved ones just for running against him." *Id.* at 5 (Compl. ¶¶ 35–36).

Key to Ms. Farr's allegations of Senator Inhofe's conspiracy against her is Christine Curry—the alleged CIA contractor, plaintiff's ex's new girlfriend, and now, a defendant in this case. *Id.* at 3, 6 (Compl. ¶¶ 8, 42–46). According to plaintiff, the government planted Ms. Curry—a woman "younger, prettier[,] and healthier than plaintiff"—in the path of plaintiff's ex to scuttle plaintiff's relationship with him. *Id.* at 6 (Compl. ¶ 44). Plaintiff alleges that Ms. Curry "took her ex on long bicycle rides of 100 miles or more so that he would become exhausted and not want to engage in intimacy." *Id.* at 6–7 (Compl. ¶ 48). But, to her great dismay, plaintiff's ex didn't believe that Ms. Curry was a CIA poser, and his relationship with Ms. Curry progressed. Plaintiff found out that "her ex was fixing up his basement with the intent of having [Ms. Curry] move in[,]" and feared that Ms. Curry may try to claim common law marriage, and steal her ex's assets on behalf of the CIA and Senator Inhofe. *Id.* at 10 (Compl. ¶¶ 80–81).

Based on these concerns, plaintiff hired multiple private investigators to investigate Ms. Curry. *Id.* at 11 (Compl. ¶¶ 88–91). And at some point, Ms. Curry filed stalking charges against plaintiff. *Id.* (Compl. ¶ 94). According to plaintiff, Ms. Curry hired KLS to file "false stalking and contempt charges" against her. *Id.* at 3 (Compl. ¶ 9). Plaintiff alleges that Rebecca Hesse, a KLS attorney, also conspired with Assistant U.S. Attorneys Slinkard and Allman to bring these stalking and contempt charges against her. *Id.* (Compl. ¶ 10).[2] Plaintiff argues that filing these contempt charges against her amounted to malicious prosecution causing her "intentional emotional distress and severe mental anguish." *Id.* at 12–13 (Compl. ¶¶ 99–108). The charges

---

[2] The case plaintiff refers to is *Curry v. Farr*, a Sedgwick County District Court case (Case No. 2021-DM-4573-PS). Doc. 37 at 12.

6

and proceedings in a subsequent hearing, Ms. Farr alleges, "defame[d]" her and caused her to suffer injuries including "anxiety, insomnia, a ruptured disc in her neck, hair loss, and squamous cell carcinoma on her leg." *Id.* at 13 (Compl. ¶¶ 107–108).

Plaintiff has asserted eight claims against defendants for causing these alleged injuries. Defendants Hesse and KLS argue that the court should dismiss plaintiff's Complaint for four reasons: 1) it is so vague it fails to invoke the court's jurisdiction; 2) it attempts to relitigate matters the court already decided in *Farr v. United States Government*, No. 21-2183-JWB, 2022 WL 124032 (D. Kan. Jan. 13, 2022); 3) it seeks relief under federal statutes that don't provide a private cause of action or remedy; and 4) it attempts to appeal a state court decision.  Doc. 37 at 1.  Defendant Curry argues that the court should dismiss plaintiff's claims against her for two reasons: 1) this court decided all of plaintiff's claims on the merits (except for one) in *Farr v. United States Government*, 2022 WL 124032, so plaintiff is estopped from relitigating those claims, and 2) the single new claim—malicious prosecution—arises from a state court order, so the *Rooker-Feldman* doctrine deprives this federal court of jurisdiction to hear it.  Doc. 39 at 1. The court agrees with defendants on all counts, and explains why, below.

## II.   Legal Standard

Defendants seek dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Doc. 37 at 1; Doc. 40 at 2.  Under Rule 12(b)(1), a defendant may move the court to dismiss for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  Federal district courts have original jurisdiction over all civil actions arising under the constitution, laws, or treaties of the United States or where there is diversity of citizenship.  28 U.S.C. §§ 1331–32.  "A court lacking jurisdiction cannot render judgment but

must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The party invoking federal jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018).

Under Rule 12(b)(6), a party may move the court to dismiss an action for failing "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive a Rule 12(b)(6) motion to dismiss, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

When considering a Rule 12(b)(6) motion to dismiss, the court must assume that the factual allegations in the complaint are true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Id.* (quoting *Twombly*, 550 U.S. at 555). And, while this pleading standard doesn't require "'detailed factual allegations,'" it demands more than a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, the Supreme Court has explained, simply "'will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Because plaintiff appears pro se, the court construes her pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court can't assume the role of her

advocate. *Id.* Also, plaintiff's pro se status does not excuse her from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

### III.   Analysis

Plaintiff has asserted eight claims against defendants. Seven of the eight are the same ones she asserted against defendant Curry in a lawsuit she previously filed with our court. *See* Doc. 1 at 17–26 (Compl. ¶¶ 126–181); *Farr*, 2022 WL 124032, at *1. She asserts one new claim against defendant Curry: malicious prosecution. Doc. 1 at 23–24 (Compl. ¶¶ 165–70). Plaintiff asserts all eight claims against defendants KLS and Hesse for the first time.

### A.   The doctrine of issue preclusion bars seven of the claims against defendant Curry.

Defendant Curry argues that the court should apply the doctrine of issue preclusion to dismiss the seven claims (Claims 1–6 and 8) that plaintiff has already asserted against her. Doc. 40 at 1; Doc. 37 at 13–14. The court agrees. Plaintiff is precluded from relitigating the same claims, based on the same factual allegations, against the same defendant.

"The doctrine of issue preclusion prevents a party [who] has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit." *In re Corey*, 583 F.3d 1249, 1251 (10th Cir. 2009). Issue preclusion consists of four elements:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Thompson v. Platt*, 815 F. App'x 227, 234 (10th Cir. 2020) (quoting *Park Lake Res. Ltd. Liab. Co. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004)). Here, defendant Curry meets those four elements.

9

First, plaintiff has alleged the same claims against defendant Curry based on the same series of events. *See* Doc. 1 at 17–27 (Compl. ¶¶ 126–181); *Farr*, 2022 WL 124032, at *1. Second, as discussed above, Judge Broomes issued a decision on the merits—it dismissed all of plaintiff's claims against defendant Curry under Rule 12(b)(6) for failing to state a claim.[3] *See infra* Part I.A.; *Farr*, 2022 WL 124032, at *4. Third, Ms. Farr was the plaintiff in the earlier case, *Farr*, 2022 WL 124032, and she is the plaintiff in this one. Finally, she had a full and fair opportunity to litigate her claims at the motion to dismiss stage before Judge Broomes.

But even if issue preclusion didn't apply, the court still would dismiss the claims Ms. Farr asserted previously. Judge Broomes carefully analyzed the claims that Ms. Farr asserts again here. They are identified as claims 1–6 and 8 in this case's Complaint. He concluded that these seven claims could not survive a motion to dismiss. The court agrees with his analysis and conclusions and there's no good reason to repeat it here. Instead, the court adopts page *4 of Judge Broomes's January 13, 2022 Order in Case No. 21-2183-JWB (as reported at 2022 WL 124032) to express this reasoning. Now, in this case, the court dismisses claims 1–6 and 8 asserted in this case's Complaint for the same reason Judge Broome dismissed them earlier. They are implausible, frivolous, and fail to state a claim.

### B. The doctrine of issue preclusion bars the same seven claims against defendants KLS and Hesse.

Even though plaintiff has not sued defendants KLS or Hesse before, they argue that issue preclusion applies to them because they share privity with Ms. Curry as her attorneys. Doc. 37 at

---

[3]     This ruling qualifies as a final judgment on the merits. "[A] Rule 12(b)(6) dismissal[ ], unless otherwise indicated, constitute[s] a dismissal with prejudice." *Slocum v. Corp. Express U.S. Inc.*, 446 Fed. App'x 957, 960 (10th Cir. 2011) (unpublished table opinion) (emphasis in original). Because a Rule 12(b)(6) dismissal requires a court to evaluate the substance of a complaint it constitutes an adjudication on the merits. *Id.*; *see also Lee v. Pellant*, No. 07-4124-JAR, 2008 WL 336751, at *2 (D. Kan. Feb. 4, 2008) ("It is well settled that dismissal for failure to state a claim is a final judgment on the merits.")

13. The court agrees. The Tenth Circuit has held that a defendant's lawyers are "in privity" with the defendant they represented for purposes of issue preclusion even if the earlier lawsuit didn't name the lawyers as defendants. *See Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1187 (10th Cir. 2014); *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1169 (10th Cir. 2000) (citing *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n.6 (7th Cir. 1986) (holding that for res judicata purposes privity exists between a party and its attorneys)). Based on this precedent, the court concludes that KLS and Hesse, as defendant Curry's attorneys, share privity with defendant Curry. So, they too satisfy element three of issue preclusion. Also, and for the same reasons explained above, defendants KLS and Hesse meet the other three requirements of issue preclusion. Thus, the court dismisses claims 1–6 and claim 8 against defendants KLS and Hesse.

### C. Plaintiff otherwise fails to state a plausible claim.

Finally, the court addresses plaintiff's remaining claim against all three defendants—the malicious prosecution claim (identified as claim 7). Defendants argue that the court should dismiss this claim under the *Rooker-Feldman* doctrine because it arises from the outcome of final Kansas state court proceedings. Doc. 37 at 11. Or, alternatively, they contend the court should dismiss that claim for failure to state a claim upon which relief can be granted because plaintiff's claim is frivolous and insubstantial. *Id.* at 8–9. The court agrees. Both reasons warrant dismissal.

"The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the [federal] district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). This doctrine also encompasses claims alleging "injuries caused by state-court

11

judgments[.]" *Exxon Mobil*, 544 U.S. at 284. The doctrine applies "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Lance*, 546 U.S. at 466. To permit otherwise would contravene 28 U.S.C. § 1257, which confers jurisdiction to hear appeals from final state court judgments only on the Supreme Court. *Id.* at 463. In sum, the *Rooker-Feldman* doctrine precludes the lower federal courts "from exercising appellate jurisdiction over final state-court judgments." *Id.*

Plaintiff's malicious prosecution claim isn't easy to follow. But summarized fairly, it alleges that all defendants conspired "to file false contempt charges against" plaintiff and they "directed Curry to file a false stalking charge against her" to "prevent her from winning the United States Senate in 2022[.]" Doc. 1 at 23 (Compl. ¶ 167). This claim refers to a state court proceeding that defendant Curry brought against plaintiff in Sedgwick County District Court.[4] To the extent that plaintiff's malicious prosecution claim challenges the final state court judgment or alleged injuries derived from that judgment, the *Rooker-Feldman* doctrine prohibits the court from hearing this claim. Thus, the court dismisses this claim without prejudice.

And to the extent the *Rooker-Feldman* doctrine doesn't bar plaintiff's claim, the court dismisses plaintiff's malicious prosecution claim because it fails to assert a plausible claim for relief. Plaintiff's allegations of conspiracy—that the government planted a woman to break up her relationship, then procured a state court restraining order against her all as part of a plan to thwart her campaign to become a United States Senator—are implausible and frivolous. The court thus dismisses this final claim against all three defendants for this additional reason. In sum, the court grants defendants' Motions to Dismiss against all of plaintiff's claims.

---

[4] In *Curry v. Farr*, Sedgwick County District Court Case No. 2021-DM-4573-PS, "the state district court made a temporary order on August 17, 2021, prohibiting Ms. Farr from having any contact with Ms. Curry. On September 2, 2021, the Court made that order permanent for one year." Doc. 37 at 12 (citing Doc. 38 at 6–9, 15–18 (Exs. B & E)).

### D. Plaintiff's Motion to Amend Complaint to Join Parties

Next, the court addresses plaintiff's Motion to Amend Complaint (Doc. 34). Plaintiff seeks leave to amend her Complaint, not to add any new claims, but merely to join additional parties. Doc. 34. Her proposed Amended Complaint adds the United States, the DOD, the DOJ, Senator James Inhofe, his Chief of Staff Luke Holland, the FBI, the CIA, the IRS, Assistant United States Attorney Christopher Allman, and the District Court of Sedgwick County, Kansas. Doc. 34-4 at 1–6, 30. Plaintiff alleges that Judge Broomes dismissed her previous case in January 2022, "largely due to the fact that she failed to first file a Form 95 against the federal defendants" under the FTCA. Doc. 34 at 1. Now, she alleges she has done so. Doc. 34-1, 34-2. It appears she received a letter from the Senate denying her FTCA claim and, plaintiff asserts, permitting her to file suit in a United States District Court. Doc. 34-2.

Under Fed. R. Civ. P. 15(a)(2), the court should allow leave to amend freely "when justice so requires." However, the court may deny leave to amend where amendment would prove futile. *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Invs. Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) (explaining that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001); *Mt. View Pharm. v. Abbott Labs.*, 630 F.2d 1383, 1389 (10th Cir. 1980).

Here, any proposed amendment to this Complaint wouldn't survive a motion to dismiss. Even though the court wouldn't dismiss her FTCA claim again for failure to exhaust administrative remedies, it still would dismiss this claim as frivolous. Plaintiff's allegations that the government conspired against her and gave her son COVID-19 are insufficient to raise a plausible claim for relief. *See Thibeaux v. Cain*, 448 F. App'x 863, 864 (10th Cir. 2012) (dismissing a claim under 28 U.S.C. § 1915(e)(2)(B) because a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible") (citation and internal quotation marks omitted); *Olsen v. Aebersold*, 71 F. App'x 7, 9 (10th Cir. 2003) (explaining that courts lack jurisdiction "when the claim is so insubstantial, implausible, foreclosed by prior decisions . . . or otherwise completely devoid of merit as not to involve a federal controversy") (citation and internal quotation marks omitted); *Stanton v. Unknown Agent or Agency*, No. 17-CV-2120-DDC-KGG, 2017 WL 1289985, at *2 (D. Kan. Apr. 6, 2017) (dismissing plaintiff's complaints under 28 U.S.C. § 1915(e)(2)(B) because his allegations that unidentified government agencies and agents were surveilling him failed to state a claim for relief), *aff'd*, 697 F. App'x 586 (10th Cir. 2017); *Randall v. South Dakota*, No. 12-136-ADM/TNL, 2012 WL 1055745, at *1 (D. Minn. Mar. 28, 2012) (dismissing plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) because the plaintiff's allegations that defendants were conducting surveillance of her life with equipment provided by either South Dakota or the United States were insufficient to present a plausible claim for relief); *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 232–33 (D.D.C. 2007) (dismissing plaintiff's complaint under Fed. R. Civ. P. 12(b)(1) because the plaintiff's allegations of "roving surveillance that followed her everywhere she went" were "fantastic to the point of being patently insubstantial and warrant[ed] a dismissal").

The court concludes that plaintiff's proposed amendment could not survive a motion for summary judgment, and thus, it is futile to grant her leave to amend. *See Watson*, 242 F.3d at 1239–40. Thus, the court denies leave. American taxpayers fund the salaries of federal court employees—judges, law clerks, courtroom deputies—all the people it takes to manage a case and prepare an Order like this one. Nothing in plaintiff's proposed amended pleading would repair the dispositive shortcomings in her claims. And Ms. Farr's implausible claims won't fare any better against a new batch of defendants. In short, there's no good reason to compound the needless consumption of resources with a new round of implausible claims.[5]

### E. Plaintiff's Motion to Strike Exhibits

Finally, the court addresses plaintiff's Motion to Strike Index of Exhibits (Doc. 46). Plaintiff makes a perplexing argument that defendants failed to include a copy of a different case as an exhibit, supporting their motion, so defendants' res judicata argument "is futile and the exhibits attached as evidence are moot." Doc. 46 at 1. Plaintiff cites no legal authority requiring the court to strike defendants' exhibits. Thus, the court denies this motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants Rebecca Hesse and Kansas Legal Services, Inc.'s Motion to Dismiss (Doc. 36) is granted.[6]

---

[5] A certain irony inheres in plaintiff's needless, repetitive consumption of taxpayer-funded judicial resources. Ms. Farr's Complaint references an IRS agent's phone call to her, trying to collect "$109,000 in back taxes" and "a certified letter" from the Service "notifying her of [its] intent to levy liens on her homes in Kansas and Oklahoma that she had been trying to sell." *See* Doc. 1 at 9 (Compl. ¶¶ 71–76). Earlier decisions by a federal court confirm Ms. Farr's defaults on her tax obligations. *See Farr v. Comm'r of Internal Revenue*, 738 F. App'x 969 (10th Cir. 2018) (holding that she owes deficiencies on her federal excise tax obligations under 26 U.S.C. § 4958(a)(1) and (b) for more than $88,000).

[6] To the extent plaintiff's "Malicious Prosecution" claim challenges the final judgment of a state court, this court dismisses that claim without prejudice as required by *Rooker-Feldman*. The court dismisses each of plaintiff's other claims (claims 1–6 and 8) against all defendants with prejudice. *See Slocum*, 446 Fed. App'x at 960; *see also Lee*, 2008 WL 336751, at *2 (a Rule 12(b)(6) dismissal requires a court to evaluate the substance of a complaint, so, it constitutes an adjudication on the merits).

**IT IS FURTHER ORDERED THAT** defendant Christine Curry's Motion to Dismiss (Doc. 39) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Amend Complaint (Doc. 34) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Strike Index of Exhibits (Doc. 46) is denied.

These rulings dispose of all claims asserted in the case and the court thus directs the Clerk to enter a Judgment consistent with this Order and close the case.

**IT IS SO ORDERED.**

**Dated this 20th day of December, 2022, at Kansas City, Kansas.**

                                                  **s/ Daniel D. Crabtree**
                                                  **Daniel D. Crabtree**
                                                  **United States District Judge**