Joan E. Farr
7145 Blueberry Lane
Derby, KS 67037
Phone: 918.698.3289
JoanFarr73@aol.com



FILED
U.S. District Court
District of Kansas

DEC 3 0 2022

Clerk, U.S. District Court
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Joan E. Farr, individually, *pro se*,  )
   and in the interests of innocent American citizens,  )
                              )
             Plaintiff,  )
                              )
   vs.  )   Case No. 2:22-cv-2120-DDC-KGG
                              )
Christine Curry, Kansas Legal Services, Inc., Attorney  )
Rebecca Hesse, other known/unknown state and  )
government actors,  )
                              )
           Defendants.  )
_____)

## MOTION TO RECONSIDER, OR IN THE ALTERNATIVE, TO ALTER OR AMEND JUDGMENT

COMES NOW Joan E. Farr, individually, *pro se*, and in the interests of innocent American citizens, and pursuant to Fed. R. Civ. P. 59(e), files this motion to reconsider, or in the alternative, to alter or amend judgment in the above matter. In support, plaintiff states as follows:

### BACKGROUND

Motions for reconsideration under Rule 59 of the Federal Rules of Civil Procedure are only granted in rare circumstances to "correct manifest errors of law or fact or to present newly discovered evidence." See e.g., *Z.K. Marine v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). In particular, there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence: and (3) the need to correct clear error or prevent manifest injustice. See *Offfices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999). Furthermore, a litigant must present strong reasons for why the Court should reconsider its prior decision, setting forth "facts or law of a strongly convincing nature to induce

the court to reverse its prior decision." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994 1563). A motion for reconsideration is appropriate where the "court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension…" Id. Also, when there appears to be an inconsistency between federl and state law, courts should look to the policies underlying Section 1983. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 600 (6th Cir. 2006).

In this matter, plaintiff believes there is a need to correct clear error and prevent manifest injustice. The court has dismissed her case based on: (1) the "doctrine of issue preclusion; " (2) her claims are deemed "fantastical" which other judges have ruled is a reason to warrant dismissal; and (3) since Judge Broomes ruled that Curry is not working for the CIA, this must be true.

*1. Doctrine of Issue Preclusion*

The court's ruling cites elements of the "doctrine of issue preclusion." (Doc. 50, p. 9). However, (1) is not met since the issue previously decided is not identical with the one presented in this case, and (4) plaintiff did not have a full and fair opportunity to litigate the issue in the prior action. <u>In plaintiff's first lawsuit filed in April 2021 which this case arose out of, her claims were that Senator Inhofe conspired with state actors/agencies under Section 1983 to retaliate against her simply because she ran against him in 2020.</u> The case was dismissed because she failed to file under the FTCA and when she did, he was forced to immediately resign. If this is not obvious wrongdoing on his part, what is? <u>In this second suit, Senator Inhofe later conspired with agencies/actors including Curry, Hesse and KLS mainly under Section 1985 to file false stalking and contempt charges to prevent her from winning the U.S. Senate race in either state in 2022.</u> **Plaintiff wasn't even running against Senator Inhofe in 2022, and claims under 42 USC 1985 were not even mentioned in her first suit.**

Plaintiff presented facts and evidence which showed this conspiracy and she mentioned 42 USC 1985 (1) & (3) in her original complaint (Doc. 1, p. 14, #118). However, her proposed amended complaint mentions only <u>42 USC 1985</u> (Doc. 34, EXHIBIT C, p. 18), and she did not specifically state under "Law & Analysis" 42 USC 1985 as to Sections <u>(1), (2) & (3)</u> as follows:

2

(1)…if two or more persons in any State…conspire to prevent, by force…any person from accepting or holding any office, trust or place of confidence under the United States…

(2)…if two or more persons… conspire to deter by force, intimidation or threat, any party or witness in any court of the United States… to injure such party or witness… or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating in any manner, the due course of justice…with intent to deny to any citizen equal protection of the laws, or to injure him or his property…"

(3)…if two or more persons conspire to deprive a person of equal protection of the laws…by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person… as a member of Congress of the United States… or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured…or deprived of… any right or privilege… the party so injured or deprived may have an action for the recovery of damages… against any one or more of the conspirators."

Therefore, plaintiff asks for the court's leniency since she has been forced to proceed *pro se* and these technicalities were overlooked, or else allow her to alter or amend her proposed amended complaint to include the above alterations. The judicial system has a strong predisposition to resolve cases on their merits. *Meade v. Grubbs*, 841 F.2d 1520 n.7 (10th Cir. 1988).

In any event, the issue previously identified is not the same; therefore, the doctrine of issue preclusion is not met and is therefore moot. Notwithstanding, the element in this doctrine which states that plaintiff had a full and fair opportunity to litigate the issue in the prior action was also not met. That is because her prior meritorious claims were all dismissed prior to discovery, and she did not appeal since all of her past efforts were futile due to the continued and ongoing corruption in the Kansas legal system.

2. *Plaintiff's claims are "fantastical" and implausible and she failed to state them*

This court has cited five cases in which plaintiff's claims were dismissed by the federal court (Doc. 50, p. 14). All of these were filed by *pro se* litigants, so how were they given a full and fair opportunity to litigate their claims when no lawyer would represent them? And did any of them have continued and ongoing claims for 22+ years in which they had filed numerous *pro se* cases trying to get their National Security Letter removed? (This is fantastical in itself). It is also doubtful that any of them attached supporting evidence in their pleadings to the degree that plaintiff has which prove her so-called "fantastical" claims. Any reasonable person would believe that she has proven a prima facie case with

3

facts and law, and a preponderance of evidence that is substantial, clear and convincing, even "smoking gun" in the mind of any reasonable person (Doc. 1, EXHIBIT B). This court has erred since this matter is *res ipsa loquitor* – "it speaks for itself." A trial court abuses its discretion when no reasonable person would agree with the trial court. *Dawdy v. Union Pacific R.R. Co.,* 207 Ill. 2d 167, 177 (2003).

In addition, the *Rooker-Feldman* doctrine does not bar plaintiff's claims of malicious prosecution due to the exception for cases "alleging that a widespread conspiracy undermined the entirety of the state-court proceedings," *Bauer v. Koester*, 951 F.3d at 866-67 (7th Cir. 2020); see also *Loubser v. Thacker*, 440 F.3d 439, 441-42 (7th Cir. 2006). The claim that a defendant in a civil rights suit "so far succeeded in corrupting the state judicial process as to obtain a favorable judgment" is not barred by the *Rooker-Feldman* doctrine. *Nesses v. Shepard*, 68 F.3d 1003, 1005 (7th Cir. 1995). There are also fraud-on-the-court and procedural due process exceptions which this Court failed to consider.

Section 1983 can reach private citizens where a plaintiff adequately alleges that they conspired with a state actor to deprive the plaintiff of a constitutional right  Plaintiff has adequately alleged that the defendants conspired to deny her constitutional rights and they were willful participants in joint activity with the State or its agents. See *Brokaw v. Mercer Co.,* 235 F.3d 1000, 1016 (7th Cir. 2000).

Notwithstanding, plaintiff's claims are "quasi-criminal" and to dismiss at this stage is not only improper but a clear abuse of discretion. Plaintiff has satisfied both the willful and malicious elements in order for an exception to *Twombly* to apply. She has plead factual allegations that allow the court to draw the reasonable inference that the defendants (i) intended to and did cause an injury; (ii) acted willfully; and (iii) acted maliciously. See *Ross v. Stranger (In re Stranger)*, Case No. 9:11-bk-07194-FMD (Bankr. M.D. Fla. Nov. 5, 2013).  Even under *Twombly*, plaintiff has not offered conclusory allegations, unwarranted references or the like in her Complaint. She has alleged facts which are not only plausible, but any reasonable person would believe she has proven them by her evidence and affidavits presented. Furthermore, the state of Wisconsin adopted the plausibility pleading standard articulated by the U.S. Supreme Court in *Twombly*.  In a 4–3 decision, the Wisconsin Supreme Court held that a complaint must plead facts sufficient to plausibly show that the defendants are potentially liable. *Data Key Partners v.*

4

*Permira Advisers LLC*, 2013 WI App 107, 350 Wis. 2d 347, 837 N.W.2d 624. This is more than apparent.

All of plaintiff's *pro se* cases in Kansas for over 22 years have been dismissed for failure to state a claim. This is just a catch-all reason, since it is obvious that claims were more than adequately stated and clear and convincing evidence was attached to court briefs. Yet judges in Kansas continue to abuse their discretion and arrogantly dismiss meritorious *pro se* cases against the system because they know that further discovery will prove the truth in a matter. In contrast, plaintiff's research shows that judges in Oklahoma and Missouri will order *pro se* cases into mediation, and Colorado even appointed counsel for a woman after she tried ten lawyers and couldn't get one to represent her. Amazing!

A just court would proceed to discovery for defendants' proof that they did not engage in outrageous government conduct/tort of outrage toward plaintiff to prevent manifest injustice. As it is, dismissing this case entirely causes any reasonable person to believe that this court is abusing its discretion as part of the defendants' conspiracy to continue to deny plaintiff due process of law.

3. *<u>Judge Broomes' prior ruling that Curry is not working for the CIA</u>*

Judge Crabtree has erred in relying on Judge Broomes' prior ruling that Curry was not CIA. This is hearsay since there was no proof by the Court or the defendants in that ruling that Curry was <u>not</u> working for the CIA. In contrast, plaintiff produced a sworn affidavit that Curry <u>is</u> CIA (see <u>EXHIBIT A</u> which is also Doc. 1, EXHIBIT B). So where is the CIA director's affidavit stating that she doesn't work for them to prove the court's allegations? This evidence was enough to convince the DOJ that Inhofe should resign and Sedgwick County pro tem Judge Clark Owens that plaintiff was innocent of the false charges filed against her by Curry. But it is not enough to convince this court as well? Circumstantial evidence is enough to prove a conspiracy and plaintiff proved it. The Court should not assume that just because a judge rules a certain way that this makes it true. There is only becomes "perceived" justice for the public's benefit since many judges are bought off. However, the legal system should not be about money, it should be about justice. State and government actors who conspire to use it as a means of persecuting innocent people are clearly operating outside the scope of their employment when they do so. This matter is outrageous government conduct at its finest, and if there was ever a case to show the dire

5

need for overhauling our legal system, this one is it!

WHEREFORE, plaintiff respectfully requests that this Court reconsider its ruling and reverse its decision to dismiss in the interests of good faith and justice for *all*. Plaintiff's neck pain has worsened just trying to complete these documents, and she would really like a rest. See Luke 18:1-8…

Respectfully submitted,

By: /s/ Joan E Farr
Joan E. Farr, individually, *pro se*
7145 Blueberry Lane
Derby, Kansas 67037
Phone: 918.698.3289
Email: JoanFarr73@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December 2022, a copy of the above and foregoing Plaintiff's Motion to Reconsider, or in the Alternative, to Alter or Amend Judgment was filed with the United States District Court for the District of Kansas and a copy was deposited in the United States mail, postage prepaid and properly addressed, to:

Timothy J. Finnerty
Wallace, Saunders Austin Brown &
  Enochs Chartered – Wichita
200 West Douglas, Suite 400
Wichita, Kansas 67202
Ph: 316-269-2100
Fax: 316-269-2479
Email: tfinnerty@wallacesaunders.com
*Attorney for all defendants*

By: /s/ Joan E Farr
Joan E. Farr, individually, *pro se*
7145 Blueberry Lane
Derby, Kansas 67037
Phone: 918.698.3289
Email: JoanFarr73@aol.com
