Joan E. Farr
7145 Blueberry Lane
Derby, KS 67037
Phone: 918.698.3289
JoanFarr73@aol.com

FILED
U.S. District Court
District of Kansas

JAN 0 9 2023

Clerk, U.S. District Court
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Joan E. Farr, individually, *pro se*, and in the interests of innocent American citizens, <br><br> Plaintiff, <br><br> vs. <br><br> Christine Curry, Kansas Legal Services, Inc., Attorney Rebecca Hesse, other known/unknown state and government actors, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:22-cv-2120-DDC-KGG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFF'S MOTION TO STRIKE DEFENDANTS REBECCA HESSE AND KANSAS LEGAL SERVICES, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S ALTERNATIVE MOTIONS

COMES NOW Joan E. Farr, individually, *pro se*, and in the interests of innocent American citizens, and pursuant to Fed. R. Civ. P. 8(b)(1)(A), files this motion to strike defendants Rebecca Hesse and Kansas Legal Services, Inc.'s memorandum in opposition to plaintiff's alternative motions filed in the above matter. The aforementioned rule states: "In responding to a pleading, a party must: (A) state in short and plain terms its defenses **to each claim** asserted against it." Defendant has failed to address each of plaintiff's claims in separate responsive pleadings to her motion to reconsider, or in the alternative, to alter or amend judgment [Doc. 52], her motion to set aside order [Doc. 53] and her motion to consolidate [Doc. 54]. Defense counsel is not getting paid much, his "blanket" document fails and it is therefore, moot. However, if the Court should disagree, then plaintiff states the following.

### I.    ARGUMENTS AND AUTHORITIES

**A. The Court must deny Plaintiff's motion to reconsider or to alter or amend judgment because she fails to meet the elements under Rule 59(e) necessary to gain relief.**

1

This is ludicrous, since plaintiff has clearly pointed to the "need to correct clear error or manifest injustice." Fed. R. Civ. P. 59(e)(3). She has set forth clear facts, case law and evidence to support the fact that extraordinary, if not exceptional, circumstances are present and that the doctrine of issue preclusion does not apply. The Court should reconsider since her claims are quasi-criminal (intentional fraud/crimes against humanity) in Farr I, II & III, these defendants are in privity with the government defendants, and she should not continue to be denied due process of law and her civil rights. *U.S. Constit. Amendments V & XIV.* In addition, since a motion may be granted under Rule 59 (e) where there is "(1) an intervening change in controlling law," then plaintiff contends that only 42 USC 1983 was plead in Farr I, she plead both 42 USC 1983 & 1985(1) & (3) in Farr II, and in Farr III she plead 1983 & 1985(2) & (3); however, the Court is allowing her to amend her pleadings to include (1) which states:

> (1)…if two or more persons in any State…conspire to prevent, by force…any person from accepting or holding any office, trust or place of confidence under the United States…

Since this is the crux of plaintiff's whole case (along with Section 1983 to deny her rights) and is an intervening change in controlling law, the Court should consider this fact as well and grant her motion.

Even though the standard of review for a Rule 59(e) motion is well established, the government (as the movant) in a similar case did not specifically address this standard in their brief. As a result, the Court was forced to consider whether it committed a "clear error of law" in the original order, or if the court needed to change the original order to prevent 'manifest injustice.'" *Zinkland v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (quoting *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)); *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Furthermore, manifest injustice has been defined as "an error in the trial court that is direct, obvious, and observable." *Tenn. Prot. Advocacy, In.c, v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004)(quoting Black's Law Dictionary 974 (7th ed. 1999)). "[M]ost cases… use the term 'manifest injustice' to describe the result of a plain error." *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1425 (5th Cir. 1996). Any reasonable person would agree that the ruling in this case is plain error.

To dismiss prior to discovery is a gross injustice to plaintiff. It would lead any reasonable person to believe the Court is continuing its abuse of discretion toward Farr and is complicit with the defendants.

2

### B. The Court must also deny plaintiff's motion "to set aside order" because she fails to meet the standard of relief under Rule 60(b).

Again, plaintiff has clearly stated her grounds for relief under Rule 60(b)(1)(3) & (6). Extraordinary and exceptional circumstances of fraud and misconduct are more than apparent to any reasonable person, and plaintiff has cleared the "high hurdle" which justifies the reopening of a final judgment. See *Ackermann v. United States*, 340 U.S. 193, 199 (1950). Rule 60(b)(6) is used sparingly as an equitable remedy to prevent manifest injustice and is used only where extraordinary circumstances prevent a party from taking timely action to prevent or correct an erroneous judgment. *Fantasyland Video, Inc., v. Country of San Diego,* 505 F.3d 996, 1005 (9th Cir. 2007).In determining whether extraordinary circumstances are present, the court may consider "the risk of injustice to parties" and "the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 137 S.Ct. 759, 778 (2017) (quoting *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 863-864 (1998)). The court may also set aside a judgment for fraud on the court pursuant to Rule 60(b)(6) which these defendants clearly engaged in.

Plaintiff has shown a prima facie case and *res ipsa loquitor* – "it speaks for itself." If the circumstantial evidence presents a question of fact as to the defendants' liability under the Kambat/Corcoran test for *res ipsa loquitor*, the case should go to trial. *Clark v. Bishop Francis J. Mugavero Ctr.*, N.Y. Slip Op. 51889 (N.Y Sup. Ct. 2010). Therefore, the Court has erred in dismissing and should set aside its order.

### C. The Court should deny plaintiff's motion to consolidate as premature or moot, depending on its ruling on plaintiff's Rule 59(e) and Rule 60(b) motions.

Plaintiff's motion should not be denied as premature or moot, since she has filed it in conjunction with her motions to reconsider and to set aside order. She has also filed a motion to join Curry, Hess and KLS as defendants in 2:22-cv-2476, or Farr III as it is being called. Hasn't this gone on long enough? In appropriate circumstances, a court may consolidate cases "whether or not the parties want the cases consolidated." *Connecticut General Life v. Sun Life Assur* 210 F.3d 771 (7th Cir. 2000); (e.g., "Fed. R. Civ. P. 42(a), or stay or transfer a case in order to enable the consolidated or otherwise orderly disposition of multiple proceedings." E.g., 28 U.S.C. 1404; *Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.,* 180 F.3d 896 (7th Cir. 1999); *Evans Transportation Co. v. Scullin Steel Co.*, 693 F.2d 715 (7th Cir. 1982). Indeed,

this case and these defendants should be consolidated with Farr III to ensure complete relief in one final outcome and to prevent any further wasted resources in our legal system.

## CONCLUSION

Plaintiff's motions should be granted to prevent continued manifest injustice toward her. Such outrageous government conduct should not be allowed to continue, since it has significantly caused public trust to erode in our legal system and in the election process. How many qualified people will want to run for office knowing that an incumbent opponent could use the machinery of the courts to put them away so they don't win? Notwithstanding, the Court should not dismiss a meritorious case just to lighten its caseload, especially when defense counsel is slacking off and *pro se* plaintiff is burning the midnight oil.

WHEREFORE, plaintiff respectfully requests that this Court strike defendants Hesse and KLS's memorandum in opposition to plaintiff's alternative motions and grant her motions to reconsider, to set aside its order and to consolidate this case for the aforementioned reasons.

Respectfully submitted,

By: *Joan E Farr*
Joan E. Farr, individually, *pro se*
7145 Blueberry Lane
Derby, Kansas 67037
Phone: 918.698.3289
Email: JoanFarr73@aol.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January 2023, a copy of the above and foregoing Plaintiff's Motion to Strike Defendant Rebecca Hesse and Kansas Legal Services, Inc.'s Memorandum in Opposition to Plaintiff's Alternative Motions was filed with the United States District Court for the District of Kansas and a copy was deposited in the United States mail, postage prepaid and properly addressed, to:

Timothy J. Finnerty
Wallace, Saunders Austin Brown &
   Enochs Chartered – Wichita
200 West Douglas, Suite 400
Wichita, Kansas 67202
Ph: 316-269-2100
Fax: 316-269-2479
Email: tfinnerty@wallacesaunders.com
*Attorney for all defendants*

By: _Joan E. Farr_
Joan E. Farr, individually, *pro se*
7145 Blueberry Lane
Derby, Kansas 67037
Phone: 918.698.3289
Email: JoanFarr73@aol.com

5