IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOAN E. FARR,

      Plaintiff,

v.

CHRISTINE CURRY, et al.,

      Defendants.

Case No. 22-2120-DDC-KGG

### MEMORANDUM AND ORDER

On March 30, 2022, Plaintiff Joan E. Farr, appearing pro se, filed this lawsuit against defendants Christine Curry, Kansas Legal Services (KLS), Rebecca Hesse, and "other known/unknown state and government actors." Doc. 1. On December 20, 2022, the court issued a Memorandum and Order granting defendants' Motions to Dismiss (Docs. 36 & 39) and dismissed plaintiff's entire case (Doc. 50). Plaintiff since has filed three motions in response to that Order dismissing her case: a Motion to Reconsider, or in the Alternative, to Alter or Amend Judgment (Doc. 52) under Fed. R. Civ. P. 59(e); a Motion to Set Aside Order (Doc. 53) invoking Fed. R. Civ. P. 60(b)(1) & (3); and under Fed. R. Civ. P. 42(a), a Motion to Consolidate (Doc. 54) this case (Case No. 22-2120-DDC-KGG) with a case she filed in November 2022 (Case No. 22-2476-DDC-GEB).

Defendants Rebecca Hesse and KLS filed a "Memorandum in Opposition to Plaintiff's Alternative Motions" (Doc. 55) and defendant Christine Curry filed a similar memorandum incorporating the arguments made by defendants Hesse and KLS (Doc. 56). Plaintiff replied, and the court filed her Reply (although all in the same document) as three separate entries—a "Motion to Strike Memorandum in Opposition to Motion" (Doc. 57, moving to strike Doc. 55); a

Reply to Response to Motion (Doc. 58); and a "Motion to Strike Memorandum in Opposition to Motion" (Doc. 59, moving to strike Doc. 56).

The court denies both plaintiff's Motion to Reconsider, or in the Alternative, to Alter or Amend Judgment (Doc. 52) and her Motion to Set Aside Order (Doc. 53) for the reasons explained below.  Because it denies these two motions, the court holds that plaintiff's Motion to Consolidate (Doc. 54) is moot, and thus denies that motion for that reason.  The court also denies both plaintiff's Motions to Strike (Docs. 57 & 59).

## I. Plaintiff fails to meet Rule 59(e)'s standard to reconsider a final judgment.

Plaintiff first asks the court to reconsider or amend its final Judgment under Fed. R. Civ. P. 59(e).  Doc. 52.  The grounds "warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (discussing Fed. R. Civ. P. 59(e)'s requirements); *see also* D. Kan. Rule 7.3(b) (explaining movants must base requests to reconsider "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice").

Plaintiff's motion meets none of these three options.  It doesn't cite an intervening change in controlling law; it doesn't assert that new evidence is available; and it doesn't adequately explain any need to correct clear error or prevent manifest injustice.  Instead, plaintiff asserts a combination of arguments she made in her earlier motions, legal standards, and conclusory statements:  *e.g.*, "dismissing this case entirely causes any reasonable person to believe that this court is abusing its discretion as part of the defendants' conspiracy to continue to deny plaintiff due process of law."  Doc. 52 at 5.

Plaintiff's motion merely tries "to relitigate old matters" and "simply rehash[ ]" arguments she already has made and the court already has rejected. *Castanon v. Cathey*, 976 F.3d 1136, 1141 (10th Cir. 2020) (citations and internal quotation marks omitted). Such arguments aren't proper on a motion to reconsider. *Id.* The court thus denies plaintiff's Motion to Reconsider (Doc. 52).

**II.     Plaintiff also fails to meet Rule 60(b)'s standard to set aside a final judgment.**

Plaintiff next asks the court to set aside its Order under Fed. R. Civ. P. 60(b)(1) & (3). Doc. 53. "Rule 60(b)(1), (2), (3), and (6), . . . allow relief from a final judgment in circumstances involving 'mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); fraud[,] . . . misrepresentation, or misconduct by an opposing party;' or 'any other reason that justifies relief.'" *Tyner v. Probasco Law, P.A.*, No. 20-2632-EFM, 2022 WL 2802318, at *1 (D. Kan. July 18, 2022) (quoting Fed. R. Civ. P. 60(b)(1), (b)(2), (b)(3), (b)(6)). Rule 60(b) "impose[s] a high hurdle, allowing for relief only for an obvious error of law that is apparent on the record or in the case of truly extraordinary circumstances." *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2019 WL 2184863, at *1 (D. Kan. May 21, 2019). A Rule 60(b) motion is no substitute for an appeal. *See Tyner*, 2022 WL 2802318, at *1; *see also Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007).

Plaintiff's motion neither illuminates an obvious error of law nor does it present an extraordinary circumstance. For the same reasons the court denies relief under Rule 59(e), it denies relief under Rule 60(b)—plaintiff just uses it to revisit "the same issues already addressed and dismissed by the court." *Tyner*, 2022 WL 2802318, at *1 (explaining that a party can't use

Rule 60(b) to relitigate the same issues).  The court thus denies plaintiff's requested relief under Rule 60.

Because the court denies plaintiff's motions that challenge its final judgment in this case (Case No. 22-2120-DDC-KGG), the final judgment stands.  This case is closed.  Thus, plaintiff's Motion to Consolidate (Doc. 54) this case with her more recent November 2022 filing (Case No. 22-2476-DDC-GEB) is moot.

Finally, the court address plaintiff's Motions to Strike defendants' Memorandum in Opposition (Docs. 57 & 59).  Plaintiff moves to strike defendants Rebecca Hesse and KLS's Memorandum in Opposition to her motions under Fed. R. Civ. P. 8(b)(1)(A).  *See* Doc. 57.  She asserts that defendants failed to address each of her claims.  This is just wrong.  Defendants adequately briefed the legal issues presented by plaintiff's three post-judgment motions (Docs. 52, 53, 54).  *See* Docs. 55 & 56.  In any event, a motion to strike is not the proper vehicle for plaintiff's arguments.  *See Palmer v. Shawnee Mission Med. Ctr., Inc.*, No. 16-2750-DDC-GLR, 2017 WL 5629624, at *1–3 (D. Kan. Nov. 22, 2017) (explaining that "our court disfavors motions to strike" and "[c]ourts usually deny motions to strike absent a showing of prejudice against the moving party.")  Thus, plaintiff hasn't demonstrated a valid reason for the court to strike defendants' motions.  So, the court denies plaintiff's Motions to Strike (Docs. 57 & 59).

### III. Conclusion

Plaintiff fails under both Rule 59(e) and Rule 60(b) to present a viable challenge to the court's final judgment.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Reconsider, or in the Alternative, to Alter or Amend Judgment (Doc. 52) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Set Aside Order (Doc. 53) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Consolidate (Doc. 54) is denied as moot.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Strike (Doc. 57) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Strike (Doc. 59) is denied.

**IT IS SO ORDERED.**

**Dated this 19th day of January, 2023, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**